# IN RE HANS PETERSON.

## February 29, 1904.

*Naturalization.—Service of Alien on American Merchant Vessels as Condition for Naturalization:* An alien, after declaration of intention to become a citizen, served over three years on merchant vessels, one of such vessels being under a foreign register, leaving a period of service of two years and six months in American merchant vessels:— naturalization refused under Section 2174, Revised Statutes.

*Same.—Intervening Service on a Foreign Vessel:* Quaere whether three years' service on American vessels with six months' service intervening on a foreign vessel would be sufficient under the statute.

*Same.—Requirement of Certificates of Discharge and Good Conduct:* Certificates of discharge and good conduct from each engagement on American merchant vessels during such three years' service, necessary to naturalization.

Application for Naturalization.

Dole, J.   This is an application for naturalization under Section 2174 of the Revised Statutes. The applicant made a declaration of intention to become a citizen of the United States, August 6th, 1900. Since that time he has served under seven different engagements on merchant vessels covering nearly all of the time from that date. One of these engagements, however, was on the ship "Alta," a Chilean vessel, which engagement covered a period from April 4th, 1902 to October 6th, 1902. The aggregate time under such engagements was three years and one month and fourteen days. Taking out the time of his engagement on the Chilean vessel of six months and two days, there is a balance of two years, seven months and twelve days, representing his service under articles on American ships.

The law requires three years service on board of a merchant vessel of the United States subsequent to the declaration of intention to become a citizen. It is clear that he has failed in this condition of the statute, even though his aggregate time of service on American ships had been three years, the break in such service of six months on a foreign ship would probably be a failure of the statutory condition.

The statute further requires the production of the certificate of discharge and good conduct during the three years service. This applicant produces. three discharges and has failed to produce certificates of discharge for four of such engagements, one of which was for a discharge from a coasting steamer, in regard to which it is contended that no discharge is required or given, and one from the foreign ship "Alta." It is not necessary for me to decide whether the requirement for the production of such certificates of discharge is merely directory or is mandatory as I am of the opinion the applicant has failed through his service on the foreign ship, but it is doubtful whether a sailor under the statute can be admitted to citizenship without producing his certificates of discharge for the whole period of the three years steady service.

This application is therefore refused.